464 A.2d 362

**COMMONWEALTH of Pennsylvania**

v.

**Joseph MATHIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 4, 1982.

Filed July 22, 1983.

366

Martin W. Bashoff, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, ROWLEY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On Sunday evening, June 8, 1980, at about 11:30 P.M., appellant and two associates, Miller and Skowronski, entered a private social club in Philadelphia with the apparent purpose of ordering drinks. Appellant and Skowronski were members of the club, but Skowronski had been "flagged"[1] by the club apparently for brawling within the club. The club president, one Trimber, told them they would not be served because Skowronski had been "flagged" and because the three men were not dressed in accordance with the club's dress code.[2] Appellant and Skowronski uttered obscenities and threatened to "clean this fucking place up." A member, Mr. DeSimone, filling in at the time as doortender, asked them to leave. Appellant then threw a lighted cigarette at Mrs. DeSimone; subsequently she was struck in the forehead with a beer bottle; appellant punched the bartender DeWitt in the face and bit him on the stomach; bit the president Trimber on the

1. Barred from use of the club facilities.

2. They wore baseball uniforms; and appellant was wearing rubber spiked shoes.

thumb; and wrestled with DeSimone, in the course of which DeSimone fell over a porch railing to the ground below, fracturing several ribs.

At the end of a non-jury trial before Judge Louis G. Hill, appellant was acquitted of aggravated assault as to Mr. and Mrs. DeSimone but was found guilty of: simple assault, and recklessly endangering another person as to both Mr. and Mrs. DeSimone and the bartender DeWitt; and guilty of conspiracy. Post trial motions were argued and denied, and appellant was sentenced to four months to one year incarceration in a work release program, and nine years probation. The trial judge also ordered restitution to the various victims, totaling in excess of $14,000, to cover medical expenses and lost earnings.

From the judgment of sentence appellant has appealed, raising three issues.

■■■ We must first resolve a preliminary matter. Defense counsel was directed, by order of court dated July 1, 1981, to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), Pa.R.A.P. No such statement was filed. The trial court in light of such omission addressed the issues raised in the post-trial motion. The Commonwealth contends that appellant has therefore waived all claims of error. Rule 1925(b) reads as follows:

Direction to file statement of matters complained of. If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction *may* be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

(Emphasis supplied).

The purpose of the above rule is to provide the appellate court with the lower court's reasoning; unless a party informs the trial court of its complaints, such court may not

know what issues it should address. See *Commonwealth v. Lignos*, 294 Pa.Superior Ct. 210, 439 A.2d 824 (1982). However, the waiver provision is discretionary as such measure *may be* invoked. Since we have the benefit of the trial court's opinion, we may adequately review the record, limited to the issues raised in post-trial motions. Compare, *Commonwealth v. Monroe*, 281 Pa.Superior Ct. 328, 330 n. 1, 422 A.2d 193, 194 n. 1 (1980). See *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982).

A. ·Was the verdict contrary to the weight of the evidence and against the applicable principles of law?

Appellant argues first that the convictions of simple assault and recklessly endangering other persons, arose from "a mutual consent fight", and are inconsistent with a not-guilty verdict as to aggravated assault. The lower court found no reasonable doubt that appellant committed various assaults and engaged recklessly in conduct which endangered others, and the court as fact-finder adjudged appellant guilty of those offenses. The court found that there was some reasonable doubt as to whether appellant had intentionally caused DeSimone to fall from the porch area, or had struck Mrs. DeSimone with a beer bottle and therefore he returned not-guilty findings as to those charges.

There is some confusion on the record as to whether this melee was of mutual consent. In announcing its verdict the court found: that there were inconsistencies in the statements of both sides; that appellant allegedly tossed a lighted cigarette at Mrs. DeSimone; that in response Mr. DeSimone grabbed appellant by the shoulder and appellant then struck Mr. DeSimone; that appellant had acted in an unnecessarily belligerent and aggressive manner; and that, as to Mr. DeSimone, appellant was guilty of simple assault arising out of a mutually consented to fight. (N.T., pp. 807–12.) At a hearing on post-trial motions, the trial judge noted that while evidence pertaining to aggression may

have been confused, he did *not* find aggression on both sides. (N.T. 4/22/81, pp. 5–6.)

The trier of fact has the responsibility to resolve testimonial conflicts and may accept or reject part or all of a witness' testimony. *Commonwealth v. Waller*, 498 Pa. 33, 444 A.2d 653 (1982). Under the Crimes Code, simple assault may be graded as a third degree misdemeanor if the charges result from a mutually agreed to fight. 18 Pa.C.S. § 2701(b). This determination, i.e., whether mutual consent existed, is a question of fact for the fact finder. *Commonwealth v. Artis*, 294 Pa.Superior Ct. 276, 282 n. 1, 439 A.2d 1199, 1200 n. 1 (1982). Here, the court unraveled the testimony and found the Commonwealth's version to be the more accurate view. As the record supports such view, we find no error. Compare *Commonwealth v. Ashford*, 277 Pa.Superior Ct. 400, 419 A.2d 1206 (1980).

Any inconsistencies among the verdicts pertaining to the different victims may be explained simply. The court had some basis for finding that Mr. DeSimone consented to the physical dispute but the other victims did not. Furthermore, as to Mr. DeSimone, as noted above, appellant could be held criminally responsible for the agreed-to combat. Nor do we believe that the crime of recklessly endangering another person, 18 Pa.C.S. § 2705, admits to a defense of consent by the victim. See *Commonwealth v. Schell*, 3 D & C 2d 528 (1977). Further, even if there were some apparent inconsistency among the verdicts, the convictions may stand as a fact finder may render inconsistent verdicts. *Commonwealth v. Wanamaker*, 298 Pa.Superior Ct. 283, 288, 444 A.2d 1176, 1178 (1982); *Commonwealth v. Fox*, 259 Pa.Superior Ct. 565, 393 A.2d 970 (1978).

Appellant also argues that there was insufficient evidence of a criminal conspiracy. Again, we find no merit in this argument. There was ample evidence of joint, concerted agreement in the threats of appellant and at least one of his companions, and joint, concerted participation among them in the brawl that ensued. See *Commonwealth*

v. *Mobley*, 467 Pa. 460, 359 A.2d 367 (1976); *Commonwealth v. Jones*, 272 Pa.Superior Ct. 444, 416 A.2d 539 (1979); and *Commonwealth v. Madison*, 271 Pa.Superior Ct. 382, 413 A.2d 718 (1979).

 B. Did the court erroneously permit a reopening of the case to allow impeachment testimony?

 During the Commonwealth's case-in-chief, an investigating officer had testified that he had typed summaries of the reports of the incident made by various witnesses. On cross-examination of some of those witnesses, appellant's counsel had attempted to impeach their testimonies by showing inconsistencies between their trial testimony and the officer's typed summaries. After both sides had rested, and, during a recess, the prosecuting attorney was told by several of the witnesses that the officer had not typed their statements in their presence but had instead taken handwritten notes of the interviews. The assistant district attorney requested and received permission to reopen the case to put in that testimony.

The admission or rejection of rebuttal testimony comes within the court's judicial discretion. *Commonwealth v. Miller*, 490 Pa. 457, 471, 417 A.2d 128 (1980); *Commonwealth v. Stevens*, 276 Pa.Superior Ct. 428, 419 A.2d 533 (1980). It is likewise within the discretion of the trial judge to permit either side to reopen its case to present additional evidence *Commonwealth v. Deitch Co.*, 449 Pa. 88, 295 A.2d 834 (1972); *Commonwealth v. Ridgely*, 243 Pa.Superior Ct. 397, 365 A.2d 1283 (1976). In the posture of this case we find no abuse of the trial court's discretion in allowing the Commonwealth to reopen its case to offer the rebuttal testimony.

 Counsel further argues that the court's earlier order directing the witnesses be segregated was violated when the prosecuting attorney discussed the summaries with the witnesses during the recess and before they testified in rebuttal.

The trial judge inquired into the circumstances of the prosecuting attorney's discussions with the witnesses, and was persuaded that there was no improper violation of the segregation order. The court has a wide discretion in matters of this kind: *Commonwealth v. Smith*, 464 Pa. 314, 321, 346 A.2d 757 (1975); *Commonwealth v. Johnson*, 273 Pa.Superior Ct. 14, 18, 416 A.2d 1065, 1067 (1979). Here, we find no abuse of such discretion.

 C. Did the lower court err in ordering appellant to make restitution of medical expenses and loss of earnings to the various victims?

Appellant contends that the court erred in three respects regarding the sentence.

1) The court failed to consider appellant's ability to pay restitution;

2) The court directed restitution to compensate for commissions lost; and

3) The court ordered restitution to be paid to fully compensate four victims without giving consideration to contribution by co-actors when appellant was adjudged guilty on charges only pertaining to three of the victims.

 Appellant was sentenced to four (4) months to one year incarceration in a work release program and nine years probation. He was directed to pay restitution[3] in the amount of $14,084.67,[4] at a rate of $55.00 a week. Due to procedural deficiencies we may only address the third contention raised above.

 Rule 1410, Pa.P.Crim.P. requires an unsatisfied sentenced defendant to file a motion to modify such sentence within ten (10) days of sentencing. Failure to do so will be

---

**3.** The proper term for the reimbursement for personal injuries is reparation, however, that term has been grouped together for purposes of sentencing with the word restitution. See *Commonwealth v. Fuqua*, 267 Pa.Superior Ct. 504, 507 n. 5, 407 A.2d 24, 25 n. 5 (1979).

**4.** Appellant refers to a total sum of $13,673; he apparently did not account for payments to be made to Trimber.

deemed a waiver of complaints that could be raised in such motion. *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Gottshalk*, 276 Pa.Superior Ct. 102, 419 A.2d 115 (1980); *Commonwealth v. Moore*, 271 Pa.Superior Ct. 494, 414 A.2d 362 (1979). However, where the sentence is claimed to be illegal appellate courts should review the contention on its merits even though a petition for reconsideration has not been filed. *Commonwealth v. Welch*, 291 Pa.Superior Ct. 1, 435 A.2d 189 (1981).

The Commonwealth, in its brief, after noting appellant's failure to comply with Rule 1410,[5] indicates that appellant's appeal is reviewable under the holding of *Commonwealth v. Kerr*, 298 Pa.Superior Ct. 257, 444 A.2d 758 (1982). In *Kerr*, this court reviewed the defendant's sentence, even though no motion for reconsideration had been filed. *Kerr* raised the propriety of a restitution order where an insurance carrier stood to benefit through subrogation. Finding that *Kerr* was challenging the legality of the sentence we granted review. However, *Kerr* does not stand for the broad principle that the propriety of a restitution order is always appealable.

A sentence including restitution may not be reviewed when there is an unexcused failure to comply with Rule 1410 unless the sentence imposed is claimed to be illegal. By "illegality of sentence" is meant that the sentence is, in and of itself defective: for instance, the offenses merged for purposes of sentencing as in *Welch*, supra; or the court improperly sentenced the defendant as if he were convicted of an offense of a higher degree than he actually was, as in *Commonwealth v. Reardon*, 297 Pa.Superior Ct. 193, 443 A.2d 792 (1981), or the sentence exceeded the permissible maximum.

Appellant's first two claims do not attack his sentence on the basis of illegality but instead claim the sen-

5. Where a court fails to inform a defendant of his right to file such motion, argument concerning the sentence will be reviewed. *Commonwealth v. Walker*, 298 Pa.Superior Ct. 387, 444 A.2d 1228 (1982). Appellant was apprised of Rule 1410.

tence is excessive under the circumstances. First, he argues that the court failed to consider his ability to make such payment, from which we may infer that he is claiming inability to pay. Next he questions the order to pay restitution for commissions lost as being speculative. These are questions that should have been raised in both a petition to reconsider and in a statement of issues raised on appeal. See *Commonwealth v. Ormsbee*, 257 Pa.Superior Ct. 322, 390 A.2d 843 (1978) (opinion in support of affirmance). Due to appellant's omission the trial court did not address these issues. We will not do so either, as to do such would abrogate Rule 1410.

Similarly, we may not address a portion of appellant's third claim. Interwoven together is a claim, that appellant was ordered to pay restitution for injuries to four persons when he was only convicted of injuring three of the four, with the suggestion that his co-actors should have been directed to contribute. Whether contribution should have been ordered merely rephrases his argument that the restitution was excessive. Therefore we may not address this claim in the absence of a petition for reconsideration having first been filed.

■ Appellant was directed to pay restitution to Mr. and Mrs. DeSimone, Trimber and DeWitt; he was acquitted of charges concerning Trimber. However, appellant was found guilty of conspiracy. It is a tenet of the criminal justice system that one co-conspirator is responsible for the acts of any of his or her co-conspirators performed in the course of the conspiracy. *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976); *Commonwealth v. Bachert*, 271 Pa.Superior Ct. 72, 412 A.2d 580 (1979); *Commonwealth v. Branch*, 239 Pa.Superior Ct. 17, 361 A.2d 435 (1976).

■ Authority for imposing restitution may be found in the Sentencing Code, 42 Pa.C.S. § 9721(c) and the Crimes Code, 18 Pa.C.S. § 1106(a). The former reads in part "to compensate the victim of [the defendant's] criminal conduct"; the latter states "wherein the victim suffered ...

374

directly resulting from the crime ... the offender may be sentenced to make restitution ...." Conspiracy is a crime under the Crimes Code 18 Pa.C.S. § 4302. In light of the above we hold that restitution may be imposed upon a conspirator for the acts of his fellow conspirators done within the course of the conspiracy.

A final point we need to address is one raised in passing by appellant but not further developed. He notes that payments were to be made to various insurers who had paid for services provided to the victims. In *Kerr*, supra, we found no error with a restitution order even though through enforcement of its subrogation rights, an insurer might recover some part of the restitution. However, in *Commonwealth v. Galloway*, 302 Pa.Superior Ct. 145, 165, 448 A.2d 568, 577 (1982) a panel of this court held that any direct payment to an insurer was unauthorized. Therefore, the current restitution order, to the extent it requires payment to the various insurance carriers,[6] must be vacated.

Judgment of sentence affirmed, except as to the order of restitution; said order is vacated and the case is remanded for resentencing as to restitution consistent with this opinion. Jurisdiction is not retained.