563 A.2d 905

COMMONWEALTH of Pennsylvania, Appellant,

v.

Charles H. SMITH, Appellee.

Superior Court of Pennsylvania.

Argued April 24, 1989.

Filed Aug. 9, 1989.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Chris R. Eyster, Asst. Public Defender, for appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

MONTEMURO, Judge:

The Commonwealth appeals [1] from the judgment of sentence rendered against the appellee, Charles H. Smith, claiming that the trial court erred when it refused to impose on the appellee two separate five year mandatory minimum sentences pursuant to 42 Pa.C.S.A. §§ 9712 and 9714.

The appellee's robbery and criminal conspiracy convictions stem from the armed robbery of Frank's Jewelry Store on July 20, 1985. While the appellee waited in the car, his two accomplices, posing as a young couple interested in purchasing an engagement ring, entered the store and asked to see some rings. While the man held the owner at gun point, the woman took two trays of rings. Immediately after the couple fled from the store, the owner retrieved his own gun and shot at the armed accomplice as he climbed into the get-a-way car driven by the appellee. The armed accomplice did not return the owner's fire. At the appellee's non-jury trial, the Commonwealth offered an eyewitness who identified the appellee as the driver of the get-a-way car. After hearing all of the evidence, the trial court found the appellee guilty as charged. After post-trial motions were filed and denied, the trial court imposed a concurrent five to ten year sentence upon the appellant. On appeal, we remanded the case for resentencing after concluding that the appellee's claim, that his counsel was ineffective for failing to file a motion to reconsider sentence based upon the trial court's failure to indicate sentencing

---

1. The Commonwealth exercises its right to appeal pursuant to 42 Pa.C.S.A. § 9712(d) and § 9714(e).

factors, had merit. On remand, the trial court sentenced the appellee to serve two concurrent eleven and a half (11½) to twenty-three (23) month sentences. It is from this sentence that the Commonwealth appeals.

 The Commonwealth first asserts that the trial court erred in failing to apply the weapon enhancement statute, 42 Pa.C.S.A. § 9712, to the appellee's sentence despite uncontradicted evidence that appellee's accomplice visibly possessed a handgun during the commission of the robbery. In response, the appellee asserts that this issue has been waived, and, even if not waived, the trial court correctly concluded that the evidence was insufficient to prove that the appellee had knowledge that his accomplice visibly possessed a firearm during the commission of the robbery. Before we address the first issue raised by the Commonwealth, we must address the issue of waiver. The appellee received his second sentence on May 3, 1988. The Commonwealth did not file its motion for reconsideration until May 16, 1988; three days after the filing deadline. "A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence." Pa.R.Crim.P. 1410. When such motion is not timely filed, the issues presented in the untimely motion are deemed waived. *Commonwealth v. Mathis*, 317 Pa.Super. 362, 371–372, 464 A.2d 362, 367 (1983). However, such failure will not preclude appellate review where the issues asserted concern the illegality of the sentence. *Id.*, 317 Pa.Superior Ct. at 372, 464 A.2d at 367. The illegality of a sentence is not a waivable issue. *Commonwealth v. Wallace*, 368 Pa.Super. 255, 259, 533 A.2d 1051, 1052 (1987). Because the Commonwealth asserts that the sentence is illegal, due to the trial court's refusal to apply the mandatory minimum sentence,[2] we will now address this issue.

**2.** The court lacks authority to place a convicted offender on probation or suspended sentence, when a mandatory minimum sentencing statute is applicable. *Commonwealth v. Wright*, 508 Pa. 25, 44 n. 2, 494 A.2d 354, 363 n. 2 (1985), *affirmed* in 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67.

■ The main thrust of the Commonwealth's argument is that the trial court's determination, that the appellee did not have knowledge that his accomplice visibly possessed a gun during the robbery, is not supported by the record. Therefore, the trial court erred as a matter of law when it ruled that the mandatory firearm provision was not applicable. Section 9712 provides in pertinent part that:

Any person who is convicted in any court of this Commonwealth of ... robbery ... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9712. Before the trial court can apply this section to an unarmed accomplice, it must find that the Commonwealth has established by a preponderance of the evidence that "the unarmed accomplice had knowledge that the firearm was visibly possessed by his co-felon in the commission of the crime." *Commonwealth v. Williams*, 353 Pa.Super. 312, 319, 509 A.2d 1292, 1295 (1986). In the instant case, the trial court's refusal to apply section 9712 was based upon his findings that:

[N]either the jeweler who shot at the car nor the eyewitness who identified the Defendant testified that the accomplice, Mr. Flowers, had his gun visible outside of the store. In fact, Mr. Certo [the jeweler] testified that Mr. Flowers returned the gun to an envelope and put it in his back pocket before leaving the store.

(Trial Court Opinion, October 27, 1988, at 3–4). With this lack of evidence in mind, the trial court then went on to declare that it could not "accept the Commonwealth's assumption that the Defendant knew that his co-defendant possessed a gun because shots were fired at the get-a-way car." (Trial Court Opinion, October 27, 1988, at 4). Our review of the record reveals that evidence that the gun was visibly possessed outside the store did exist. Pertinent parts of the jeweler's testimony are presented below:

DIRECT EXAMINATION:

Q: What happened when they left the store?

A: [I] went out at first to get the license plate of the car, and when the guy turned around, I figured he was going to shoot at me again, so I emptied my gun.

CROSS EXAMINATION:

Q: You went after this man with a gun and you fired shots, is that correct?

A: That's correct.

Q: Did you see him fire the gun at you?

A: I saw him point the gun.

Q: Was it at the vehicle then that you saw him attempt to aim the gun at you?

A: Right.

(N.T., April 24, 1986, at 45–56.) Although the trial court incorrectly stated that there was no evidence which established the visibility of the accomplice's gun outside the store,[3] the existence of this evidence still fails to show that the appellee knew that his accomplice visibly possessed the gun. This case differs from the factual situation in *Williams, supra.* In Williams the unarmed accomplice rifled through the pockets of the victim, while his accomplice held the victim at gunpoint. Clearly, the unarmed accomplice in *Williams* knew that the gun was visibly possessed by the accomplice during the commission of the crime. In the instant case, however, there is no evidence to show that the appellee saw or knew that the gun was visible. The appellee was waiting in the car. He may never have seen the gun. On this point, we agree with the trial court's conclusion that evidence that the owner shot at the car does not establish the appellee's knowledge of the visible possession of a gun in the hands of his accomplice. No other evidence was presented which would establish

3. Had the trial court stated that there was no credible evidence establishing the accomplice's visible possession of a gun outside the store, we would be inclined to find no error with the trial court's finding on this point. Witness credibility is an issue for the trier of fact, who is free to believe all, part, or none of the testimony. *Commonwealth v. Carbone,* 375 Pa.Super. 261, 264, 544 A.2d 462, 463 (1988) (citations omitted). However, since the trial court did not make this distinction, we are constrained to find him in error.

knowledge on the part of the appellee. For these reasons, we find no error on the part of the trial court in its refusal to apply section 9712 to the instant case.

The Commonwealth's second contention is that the trial court's refusal to impose the mandatory sentence pursuant to 42 Pa.C.S.A. § 9714, despite the uncontradicted evidence that appellee had prior convictions for robbery, was erroneous.

Section 9714 of the Crimes Code, 42 Pa.C.S.A. § 9714, provides in pertinent part that:

**(a) Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of ... robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), ... shall, if they have previously been convicted of a crime of violence as specified in section (b), be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

**(b) Prior convictions for crimes of violence.**—For the purposes of subsection (a), an offender shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:

(1) The offender was previously convicted in this Commonwealth or any other state or the District of Columbia or in any Federal court of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii), arson ..., kidnapping or aggravated assault ... or an equivalent crime in another jurisdiction....

(2) The previous conviction occurred within seven years of the date of the commission of the instant offense, except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be considered in computing the relevant seven-year period.

The prior convictions to which the Commonwealth points are appellee's court-martial convictions. It is the Commonwealth's contention that section 9714 applies to appellee's

prior court-martial convictions. The appellee, on the other hand, claims that: (1) this issue has been waived; (2) no evidence of prior convictions was introduced by the Commonwealth at the sentencing hearing; (3) court-martial convictions are not prior conviction within the meaning of the statute; (4) the court-martial convictions, if equivalent to prior convictions, are too remote in time to bring the statute into play; and (5) an order mandating that appellee be resentenced to a higher term of incarceration would violate the Double Jeopardy Clause of the United States Constitution. We will address the appellee's issues in the order in which they have been presented, and, in so doing, answer the second issue raised by the Commonwealth.

The appellee first claims that the Commonwealth has waived the issue of § 9714's applicability by its failure to file a timely motion to reconsider sentence. Our resolution of the waiver issue is the same as that stated earlier. The claim of an illegal sentence, i.e., the court's refusal to apply the mandatory sentence, compels us to consider the second issue raised by the Commonwealth. *See Mathis, supra.*

■ The appellee's second assertion, that the Commonwealth did not introduce any evidence of prior convictions at the sentencing hearing, is without merit. The Commonwealth did present the trial court with a certified copy of the court-martial convictions during the sentencing hearing. Although these convictions were not made a part of the record at that time, this omission was subsequently corrected by the Commonwealth, whose subsequent request to supplement the record was granted by the trial court. In conjunction with this latter issue, the appellee asserts that the court-martial convictions were not authenticated by the Commonwealth. This assertion is also without merit. A copy of an official record which is certified by the legal custodian as true and correct and which bears the seal of his office authenticates itself. *See* 42 Pa.C.S.A. § 5328.[4]

---

4. Section 5328(a) provides:

(a) **Domestic record.**—An official record kept within the United States, or any state, district, commonwealth, territory, insular pos-

Since the copy presented to the trial court was duly certified as being a true and correct copy by the Clerk of Court, U.S. Army Judiciary, U.S. Army Legal Services Agency, who is the official custodian of these records, and bore the seal of the U.S. of America War Office, we hold that the record of appellee's court-martial convictions was properly authenticated.[5]

■ The appellee's third contention is one of first impression in this Commonwealth. Are the appellee's military court-martial convictions for robbery prior convictions within the meaning of 42 Pa.C.S.A. § 9714(b)(1)?

Although penal provisions are to be strictly construed, 1 Pa.C.S.A. § 1928(b)(1), it is also presumed that the General Assembly did not intend a result that is absurd. 1 Pa.C. S.A. § 1922(1). In our search for the intent of the Legislature, we must employ a common sense approach. *Commonwealth v. Walton*, 365 Pa.Super. 147, 151, 529 A.2d 15, 17 (1987), *alloc. denied* in 517 Pa. 630, 539 A.2d 811. Although the statute does not specifically refer to military courts, to interpret the statute to exclude these determinations would lead to an absurd result.

The purpose behind § 9714 is clear. The legislators sought to keep violent, repeat offenders behind bars for a period of at least five years. Robbery[6] is a violent crime

session thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

5. The appellee also contends that the Commonwealth failed to establish that the individual named in the record of the court martial convictions and the appellee were one and the same. In light of the fact that both individuals have the same social security number, we have no trouble finding this issue to be without merit.

6. 18 Pa.C.S.A. § 3701(a)(1) provides:

under section 9714. The appellee's court-martial convictions are clearly equivalent to convictions for robbery under 18 Pa.C.S.A. § 3701(a)(1)(ii), as is evident by the record of the appellee's court martial. The appellee's court-martial record reveals that the appellee pled guilty to nine separate allegations that he did "by means of force and violence and putting ... [them] ... in fear, steal from the person of ... [his fellow soldiers] ... against ... [their] ... will" money and personal property, and was sentenced to serve seven years of hard labor while confined in the United States Disciplinary Barracks at Fort Leavenworth, Kansas. (General Court Martial Order, July 28, 1978, at 2–3). To conclude that robbery when committed by a civilian constitutes a prior offense under section 9714, but when committed by a member of the armed forces does not, is absurd, especially since the protections afforded to the accused in a court martial proceeding parallel to a large extent those afforded to a civilian in a criminal trial.

The Uniform Code of Military Justice, which was in effect at the time the appellee was being prosecuted, provided a member of the armed forces with the following rights: no person may be apprehended unless the apprehending officer does so upon a reasonable belief that an offense has been committed and that the person apprehended committed it (10 U.S.C. § 807(b)); no person may be arrested or confined except for probable cause (10 U.S.C. § 809(d)); a person arrested or confined has the right to be informed of the accusations brought against him and the right to speedy resolution of those charges (10 U.S.C. §§ 830(b) and 810); an accused has a right to competent counsel (10 U.S.C. §§ 827(a) and 838); no person may be compelled to incriminate himself (10 U.S.C. § 831(a)); no person may be interro-

(a) **Offense defined.—**
(1) A Person is guilty of robbery if, in the course of committing a theft, he:
(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
(iii) commits of threatens immediately to commit any felony of the first or second degree;

gated without first being informed of the nature of the accusation, of his right to silence, and that any statement he may make may be used against him at his court martial (10 U.S.C. § 831(b)); information obtained in violation of § 831 is inadmissible at the court-martial (10 U.S.C. § 831(c)); an accused has the right to cross-examine adverse witnesses, to present a defense, and to a copy of the charges (10 U.S.C. § 832(b)); pre-trial, trial, and post-trial proceedings shall, as far as practical, conform to those principles of law and rules of evidence generally recognized in the trial of criminal cases in the United States District Courts (10 U.S.C. § 836); all court proceedings shall be made a part of the record and shall be in the presence of the accused and counsel (10 U.S.C. § 839(b); no person may be tried a second time for the same offense (10 U.S.C. § 844); the accused may withdraw his plea prior to sentencing (10 U.S.C. § 845); the jury is instructed that the accused is presumed innocent until proven guilty beyond a reasonable doubt and that this burden of proof is upon the United States (10 U.S.C. § 851); the accused has thirty days after sentence in which to request its reconsideration (10 U.S.C. § 860); and the accused has a right to appellate review with the aid of counsel (10 U.S.C. §§ 861 and 870).

We also find support for our conclusion, that court-martial convictions constitute prior convictions under the language of § 9714, in *Commonwealth v. Thompson*, 389 Pa. 382, 133 A.2d 207 (1957). In that case, one of the questions posed to our Supreme Court was whether evidence of court-martial convictions was admissible, during the course of defendant's trial for first degree murder, under the Act of 1925.[7] Prior to concluding that court-martial convictions are admissible during the trial for the sole purpose of aiding the jury in determining the appropriate sentence, the trial court made the following observations concerning court-martial proceedings:

7. The Act of 1925 placed in the jury the right to fix the penalty, after a verdict of murder in the first degree, either at life imprisonment or death.

A court-martial is a military or naval tribunal which has jurisdiction of offenses against the law of the service, military or naval, in which the offender is engaged ... While courts-martial are not a part of the judicial power of the U.S. and not included in the judicial part of the government ... the authority for their creation by the Congress arises under Article I, Sec. 8 of the Constitution ... The decisions of courts-martial are not reviewable by the civil courts except to determine whether a court-martial had jurisdiction or whether it exceeded its powers; the guilt or innocence of the defendants cannot be inquired into ... The judgment of a military court or court-martial, properly constituted, is res judicata, and its proceedings are not open to review in any other court ... Its judgments, when approved as required, rest on the same basis, and are surrounded by the same considerations which give conclusiveness to the judgments of other legal tribunals, including as well the lowest as the highest, under like circumstances.

*Id.*, 389 Pa. at 401–404, 133 A.2d 207, 217–218.

Other states have also concluded that court-martial convictions are prior convictions for sentence enhancement purposes. *See People v. Calderon,* 205 Cal.App.2d 566, 23 Cal.Rptr. 62 (1962) (defendant's prior court-martial for possession of marijuana is a prior conviction for purposes of sentence enhancement under § 11530 of the California Health and Safety Code); *Scott v. U.S.,* 392 A.2d 4 (D.C. App.1978) (court properly sentenced defendant as a prior felon, based upon his 1952 convictions by general court-martial of assaulting a superior officer); *People v. Benjamin,* 7 A.D.2d 410, 184 N.Y.S.2d 1 (N.Y.Sup.Ct 1959), affirmed in 8 N.Y.2d 812, 202 N.Y.S.2d 320, 168 N.E.2d 389 (N.Y.1960) (court-martial conviction for assault with intent to commit murder may be treated by New York courts as prior felony convictions under the laws of another jurisdiction); *Millwood v. State,* 721 P.2d 1322 (Okla.Ct.App.1986) (a conviction obtained pursuant to a military general court-martial proceeding may be used for enhancement of punishment).

Additionally, several states permit its use to impeach credibility. *See Nelson v. State,* 35 Ala.App. 179, 44 So.2d 802 (1950) (a conviction by a court-martial is admissible to impeach credibility, provided the offense for which a conviction was had was one involving moral turpitude); *People v. Helm,* 40 Ill.2d 39, 237 N.E.2d 433 (1968) (the defendant's military court-martial conviction for robbery was not so lacking in the normal constitutional safeguards that it could not properly be used to impeach his credibility when he took the witness stand at his murder trial); *State v. Himmelman,* 399 S.W.2d 58 (Mo.1966) (evidence of defendant's court-martial conviction for murder was properly received for purposes of impeachment); *State v. Martz,* 8 Wash.App. 192, 504 P.2d 1174 (1973) (AWOL from military service is a "crime" within the statute permitting proof of prior convictions to attack defendant's credibility).

Three states, when presented with this question, have concluded that court-martial convictions are not to be considered prior convictions for purposes of sentence enhancement. *See Frazier v. State,* 515 So.2d 1061 (Fla.Dist.Ct. App.1987) (defendant's military offense of being absent without leave should not have been scored as a misdemeanor, as there is no analogous parallel Florida criminal statute for that offense); *State v. Paxton,* 201 Kan. 353, 440 P.2d 650 (1968) (a prior conviction by court-martial may not be used to invoke the provisions of the habitual criminal statute under a strict construction of the statute); *State v. Mitchell,* 659 S.W.2d 4 (Mo. Court App.1983) (insofar as the right to trial by jury is not afforded by court-martial, we find that system of discipline sufficiently foreign from our own system of justice and from that of our sister states and federal government so as to prohibit its use as a threshold predicate of enhanced punishment).

We are unpersuaded by the rationale supporting the decisions in *Paxton* and *Mitchell.*[8] To follow the rationale of *Paxton* would lead us to a result which is absurd. Nor

---

**8.** The holding in *Frazier* is clearly inapplicable to the instant case, in that here the appellant's military offenses parallel a Pennsylvania criminal statute, namely, robbery.

do we agree with the court's conclusion in *Mitchell* that court-martial proceedings are so foreign to our own criminal proceedings as to justify the unequal impact which each conviction would make upon an individual's future sentence for new crimes committed. More persuasive is our own case law and that of California, District of Columbia, New York, and Oklahoma. For reasons stated earlier in this opinion, we conclude that the appellee's court-martial convictions are prior convictions within the meaning of § 9714.

■ The appellee's fourth argument concerns the application of section 9714(b)(2), which precludes the consideration of a prior conviction if it was committed more than seven years from the date of the offense for which the appellant is currently being sentenced. The appellee asserts that the crimes for which he was court-martialed were too remote in time to be considered under section 9714. This was also the conclusion reached by the trial court. We disagree. The robberies which the appellee committed while in the army occurred on February 16, 1978, February 27, 1978, and March 2, 1978. The robbery conviction which is at the center of the instant appeal occurred on July 20, 1985. The total time which elapsed between the crimes was seven years, four months, and eighteen days. Based solely on these numbers, the prior robberies would exceed the seven year limitation set out in section 9714(b)(2). However, excluded from this time period is any period of incarceration in any penitentiary, prison or other place of detention. 42 Pa.C.S.A. § 9714(b)(2). This clearly brings the appellee's prior robberies within the seven year restriction. The appellee's court-martial records indicate that he received a seven year sentence. Although the court-martial records fail to indicate whether appellee actually served his entire sentence, the appellee's notarized bond information form indicates that he was released from incarceration for these charges in October of 1982. When the appellee's four years of incarceration at Fort Leavenworth are excluded from our computations, the prior convictions are brought within the seven year restriction. Therefore, the trial court's conclu-

sion, that the appellee's prior convictions were too remote in time to be considered for sentencing purposes, was erroneous.

■ The appellee's final contention is that an order mandating that appellee be resentenced to a higher term of incarceration would violate the Double Jeopardy Clause of the United States Constitution. We disagree. Our decision is based in large part upon the principles enumerated in *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986).

In *Sojourner*, our Supreme Court held that the judicial imposition of an increased penalty on the Commonwealth's appeal does not violate the appellee's double jeopardy rights under the United States or Pennsylvania Constitution, when imposed pursuant to the mandatory sentencing provisions of 75 Pa.C.S.A. § 3731(e) (driving while under the influence of alcohol and/or a controlled substance).[9] In reaching this conclusion, the Court relied upon *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980), wherein the Court held that that where punishment pursuant to a statute is clear and explicit, principles of double jeopardy are not violated where that statute permits authorities to obtain an increased sentence on appeal. It then reviewed the statutory language of § 3731; determined that it expressly provided for appellate review; and concluded that the connotation of finality necessary for offense of double jeopardy rights was not present in the

9. 75 Pa.C.S.A. § 3731 provides in pertinent part:
 (e) **Penalty.—**
 (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:
 (i) not less than 48 consecutive hours.
 (ii) not less than 30 days if ...
 (4) The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section.

case before it. Like § 3731 of the Vehicle Code, § 9714 [10] of the Crimes Code establishes a mandatory minimum sentence; expressly provides a right of appeal to the Commonwealth if the mandatory sentence is not applied; and directs this Court to remand the case to the sentencing court for imposition of a sentence in accordance with the statute's provisions. In reliance upon *Sojourner, supra,* we hold that the judicial imposition of an increased penalty on the Commonwealth's appeal does not violate the appellee's double jeopardy rights under the U.S. or Pennsylvania Constitutions when ordered in accordance with the mandatory sentencing provision of § 9714.

Judgment of sentence vacated and remanded to the trial court for resentencing in accordance with this Opinion. Jurisdiction is relinquished.

---

**10.** 42 Pa.C.S.A. § 9714 provides:

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of ... robbery ... shall, if they have previously been convicted of a crime of violence as specified in subsection (b), be sentenced to a minimum sentence of a least five years of total confinement ...

(e) **Appeal by Commonwealth.**—If a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for the imposition of a sentence in accordance with this section if it finds that the sentence was impose in violation of this section.