J-S44032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELLY R. BOUNDS | |
| Appellant | No. 151 WDA 2015 |

Appeal from the Judgment of Sentence December 15, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003351-2013

BEFORE: LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:               **FILED NOVEMBER 10, 2015**

Kelly R. Bounds appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County. After our review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Bounds entered a guilty plea to driving under the influence (DUI) with highest rate of alcohol[1] on October 20, 2014. Bounds was sentenced on December 15, 2014, to 12 to 60 months' incarceration and was found to be eligible for Recidivism Risk Reduction Incentive (RRRI), resulting in an RRRI sentence of nine months. Bounds filed a motion for reconsideration of sentence on December 29, 2014, which was denied January 2, 2015. Bounds filed a timely notice of appeal on January 11, 2015.

_____

[1] 75 Pa.C.S. § 3802(c).

On appeal, Bounds raises the following issue:

Whether [Bound's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Brief for Appellant, at 3.

Instantly, Counsel has a filed a petition to withdraw pursuant to **Anders**, **McClendon**, and **Santiago**.[2] Based upon **Anders** and **McClendon**, counsel seeking to withdraw must: 1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or to file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). Additionally, in **Santiago**, our Supreme Court held that counsel must state the reasons for concluding the client's appeal is frivolous. **Santiago**, 978 A.2d at 361.

Here, counsel's petition to withdraw states that she examined the record and has concluded that the appeal is wholly frivolous. Counsel has also filed a brief in which she repeats the assertion that there are no non-

_____

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

frivolous issues to be raised and indicates the reasons for concluding the appeal is frivolous. Counsel has provided Bounds with a copy of the petition, brief, and a letter explaining Bounds' right to proceed *pro se* or with privately retained counsel regarding any other issues he believes might have merit. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.

We next conduct our independent review of Bounds' issue raised in the ***Anders*** brief. Bounds asserts that his standard-range sentence conflicts with the objectives of the Sentencing Code and that "the trial court abused its discretion in sentencing [him] to such a lengthy period of incarceration, given the mitigating factors of his case."[3] Brief for Appellant, at 6. Thus, this claim challenges the discretionary aspects of Bounds' sentence.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***Commonwealth v. Johnson***, 666 A.2d 691, 693 (Pa. Super. 1995) (quoting ***Commonwealth v. Dotter***, 589 A.2d 726 (Pa. Super. 1991)).

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence. Those prongs are: (1)

---

[3] The "mitigating factors" were not expounded upon, but appear to include that Bounds has suffered back and head injuries in the past and "didn't know what [he] was doing for a little while." N.T. Guilty Plea Hearing, 10/20/14, at 12.

whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005). An appellant raises a substantial question when he shows that the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Pa.R.A.P. 2119(f); *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006).

Bounds was sentenced on December 15, 2014. He did not challenge the discretionary aspects of his sentence at that proceeding. Because the tenth day following sentencing was a holiday, Bounds was required to file his post-sentence motions by December 26, 2014. Pa.R.Crim.P. 720(A). However, Bounds did not file his post-sentence motion until December 29, 2014. Thus, Bounds' post-sentence motion was untimely and he has failed to preserve his discretionary aspects challenge for our review.[4] *See Commonwealth v. Sheller*, 961 A.2d 187, 189 (Pa. Super. 2008) ("To properly preserve the discretionary aspects of sentencing for appellate review, the issue must be raised during sentencing or in a **timely** post-

---

[4] Moreover, we observe that had Bounds' claim been properly preserved, it is without merit. Indeed, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa. Super. 2007).

sentence motion." (emphasis added)); *see also Commonwealth v. Smith*, 563 A.2d 905, 906 (Pa. Super. 1989) ("When [a post-sentence] motion is not timely filed, the issues presented in the untimely motion are deemed waived.").

Based upon the foregoing, we find Bounds' claim to be meritless. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015