J-A15013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA XAVIER SANTANA | : | |
| | : | |
| Appellant | : | No. 1517 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 5, 2023
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000163-2023

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:          **FILED SEPTEMBER 03, 2024**

Appellant, Joshua Xavier Santana, appeals from the October 5, 2023 judgment of sentence entered in the Columbia County Court of Common Pleas following his guilty plea to Robbery and Conspiracy to Commit Theft by Unlawful Taking.[1] Appellant asserts that the trial court imposed an illegal sentence because it ordered him to pay restitution for crimes other than those to which he pled guilty. After careful review, we vacate and remand for resentencing.

**A.**

On June 11, 2022, Appellant, along with three other men, robbed J.V., a juvenile, of his wallet and cell phone at gunpoint. As a result, the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv) and 903(a), respectively.

Commonwealth charged Appellant with Robbery and Conspiracy. On September 11, 2023, Appellant entered a guilty plea to the above charges. Per the plea agreement, the Commonwealth amended the Robbery charge from a first-degree felony to a second-degree felony.[2] When presenting the factual basis for the guilty plea, the Commonwealth stated that Appellant conspired with the other men to "tak[e] a wallet and cell phone from a juvenile victim." N.T. Guilty Plea, 9/11/23, at 6. The Commonwealth did not mention any other victims or discuss restitution.

Appellant's co-defendants were separately charged with the robbery of victims R.M. and M.C., which occurred on the same night as the robbery of J.V. Appellant was not charged with those robberies. Nonetheless, Appellant's presentence investigation report indicated that he was liable for $5,647.42 in restitution—$260.00 to J.V. and the remainder to R.M. and M.C.

Appellant proceeded to sentencing on October 5, 2023. At sentencing, Appellant challenged the amount of restitution assessed in the pre-sentence investigation report. He argued that because he pled guilty only to the robbery of J.V. and he had not been charged for the robbery of R.M. and M.C., he should only be liable for restitution in the amount of $260.00.

The Commonwealth argued that Appellant was present for the robbery of R.M. and M.C., which was part of a "spree" that also included the robbery

_____

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

of J.V.[3] N.T. Sentencing, 10/5/23, at 9. It explained that Appellant was not charged in the robbery of R.M. and M.C. because he had not been identified until "well after" the three co-defendants had been identified, and the Commonwealth and Appellant's counsel had already reached a plea agreement in this case.

The court determined that Appellant was liable for the restitution owed to R.M. and M.C., in addition to J.V. The court gave Appellant the opportunity to withdraw his guilty plea and permitted his counsel to discuss withdrawing the plea with him, but they declined and proceeded to sentencing. The court sentenced Appellant to 11 to 22 months' incarceration with credit for time served for Robbery, and a consecutive 12 months' probation for Conspiracy. The court also imposed a fine, community service, and $5,647.42 of restitution, jointly and severally with the three co-defendants.

**B.**

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the trial court commit an error of law and issue an illegal sentence by ordering [Appellant] to pay restitution for crimes which he was not convicted of?

Appellant's Br. at 3.

_____

[3] At the sentencing hearing, the Commonwealth did not put forth any evidence of Appellant's involvement or presence in the robberies of R.M. and M.C., and Appellant did not admit to his involvement.

**C.**

Appellant maintains that the court's imposition of $5,647.42 in restitution is unsupported by the record. Appellant's Br. at 7. A claim that the imposition of restitution is unsupported by the record challenges the legality of a defendant's sentence. *Commonwealth v. Hunt*, 220 A.3d 582, 585 (Pa. Super. 2019). Our standard of review for a claim challenging the legality of a sentence is *de novo*, and our scope of review is plenary. *Id.*

The imposition of restitution is governed by 18 Pa.C.S. § 1106, which provides in relevant part:

> Upon conviction for any crime wherein . . . property . . . has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or [wherein] the victim . . . suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S § 1106(a). "The amount of a restitution order is limited by the loss or damages sustained **as a direct result of** [the] defendant's criminal conduct and by the amount supported by the record." *Commonwealth v. Dohner*, 725 A.2d 822, 824 (Pa. Super. 1999) (emphasis added). The Commonwealth bears the burden of proving entitlement to restitution. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010). The trial court "must ensure that the record contains the factual basis for the appropriate amount of restitution." *Id*.

Finally, a defendant "is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy." *Commonwealth*

*v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002) (*en banc*) (citation omitted).

\*

Here, Appellant contends that the record does not demonstrate that he is liable for any restitution to be paid to R.M. and M.C. Appellant's Br. at 10. Specifically, he argues that both charges to which he pled guilty were "part of the same criminal episode [of] committing both a single robbery and theft from one victim, 'J.V.'" He emphasizes that the Commonwealth did not charge him with Robbery or Conspiracy with respect to R.M. and M.C. *Id.* at 8-9 (citing Criminal Complaint; Bill of Information). Appellant further notes that there "was never any plea agreement that [he] would pay those additional sums[,]" and that nothing in his plea agreement pertained to the robbery of R.M. and M.C. *Id.* at 9, n.2.

In its brief, the Commonwealth describes the robberies as a "series of incidents" that occurred on the same night and contends that Appellant is liable for the robbery of R.M. and M.C. because he was charged with, and pled guilty to, Conspiracy. Commonwealth's Br. at 2-3. In support, the Commonwealth cites **Commonwealth v. Mathis**, in which the Commonwealth charged Mathis and two co-defendants with assault and related offenses of four victims following a fight. 464 A.2d 362, 365 (Pa. Super. 1983). The jury convicted Mathis of charges relating to three of the victims, as well as Conspiracy, but acquitted him of all charges relating to the fourth victim. *Id.* at 368. The trial court sentenced Mathis to pay restitution

to all four victims, which he challenged. *Id.* This Court affirmed because Mathis was convicted of Conspiracy and, thus, was liable for the actions of his co-conspirators. *Id.*

*Mathis* is factually and legally distinguishable from the case before us. The Commonwealth charged Mathis with offenses related to all four victims, as well as with Conspiracy. *Id.* at 365, 368. Here, by contrast, the Commonwealth charged Appellant with the robbery of and conspiracy to rob one victim only.

The trial court determined that, based on the Commonwealth's representation at the sentencing hearing, Appellant had been present for the robbery of R.M. and M.C. and, therefore, participated in the conspiracy to rob them. N.T. Sentencing at 10; Trial Ct. Op. at 2. Accordingly, the court concluded that Appellant "should be held liable for his *pro-rata* share of the restitution for [the] matters in which he was involved, but not charged" despite his favorable plea offer. Trial Ct. Op. at 3-4.

Based on our review of the relevant legal authority, we disagree with the trial court's and Commonwealth's conclusion that Appellant is liable for the damages suffered by R.M. and M.C. as a co-conspirator. The Commonwealth did not charge Appellant in connection with the offenses against R.M. and M.C., and Appellant pled guilty only to the offenses charged against him, *i.e.*, the robbery and conspiracy involving J.V. *See* Bill of Information, 3/20/23, at 1 (unpaginated); N.T. Guilty Plea at 5-6; Plea Colloquy, 9/11/23, at 1. Because the amount of restitution a defendant may be ordered to pay "is

limited by the loss [] sustained **as a direct result of defendant's criminal conduct**[,]" **Dohner**, 725 A.2d at 824 (emphasis added), and the only criminal conduct with which the Commonwealth charged Appellant involved victim J.V., the court erred in imposing restitution in connection with the offenses against R.M. and M.C. Accordingly, we conclude that the imposition of $5647.42 in restitution is unsupported by the record and, thus, constitutes an illegal sentence. Therefore, we vacate the portion of the judgment of sentence imposing restitution and remand for imposition of $260.00 in restitution.

Judgment of sentence vacated in part; case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2024