488 A.2d 331

**COMMONWEALTH of Pennsylvania**

v.

**Ruth MADRON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1984.

Filed Feb. 15, 1985.

Andrew W. Hood, West Chester, for appellant.

Stuart B. Suss, Assistant District Attorney, Reading, for Com., appellee.

Before CAVANAUGH, WIEAND and MONTGOMERY, JJ.

WIEAND, Judge:

Ruth Lee Madron was found guilty of theft by receiving stolen property. She withdrew post-trial motions pursuant

to a plea agreement which required her also to enter a plea of guilty to a second charge of theft by receiving stolen property. The plea agreement called for a total sentence of imprisonment for not less than six nor more than twenty-three months, together with restitution and fines in amounts to be determined by the court. After hearing, the court ordered Madron to make restitution jointly and severally with two co-defendants. The restitution ordered to one victim was in the amount of $25,000; the sum of $20,000 was to be paid to the other.[1] On direct appeal, Madron argues that the restitution ordered by the court is excessive because it cannot be paid from current income and will compel her to sell a residence which she owns in order to make restitution to her victims. There is no merit in this contention; and, therefore, we will affirm the judgment of sentence.

This Court has never held that an order of restitution must be in an amount which can be paid from a defendant's current earnings. Rather, we have said that in many instances

it will be necessary for a defendant to make substantial sacrifices in order to make restitution to the victims of his crimes. This is not an obstacle to an order requiring such restitution. Rather, where sacrifice is necessary, the probationer or parolee may learn to consider more carefully the consequences of his or her acts and thereby strengthen the offender's sense of responsibility. Thus, an order of restitution may properly require additional or alternate employment, a reduction of expenses, and even a temporary change in lifestyle in order to achieve that sense of responsibility which signals effective rehabilitation. The true rehabilitative purpose of restitution is well served when a probationer or parolee is called upon to make reasonable sacrifices in order to compensate those

1. The first victim (Romanelli) had sustained a loss of $33,734.54; the second victim (Pennell) had sustained a loss of $27,710.00.

who have sustained losses as a result of his criminal conduct. The rehabilitative goal is defeated only when the payments ordered by the court are so unreasonable in view of the defendant's financial circumstances and ability to work that, despite good faith efforts, the defendant cannot hope to comply.[2]

*Commonwealth v. Wood*, 300 Pa.Super. 463, 468, 446 A.2d 948, 950 (1982). Where the defendant owns assets in an amount sufficient to make restitution, he or she may be called upon to sell or borrow on the security of those assets and use the proceeds to make restitution. The rights of a victim to be made whole will not be made subservient to the criminal's desire to retain an unencumbered title to capital assets.

■ In the instant case, the record discloses that appellant is the owner of a residential property whose value is approximately $60,000, with a mortgage of less than $7,500.00.[3] This suggests that appellant's financial circumstances are adequate to allow her to make restitution for the losses of $45,000 which her criminal conduct caused to others. Finding no abuse of discretion on the part of the sentencing court, the judgment of sentence will be affirmed.

Affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent. I would hold that the restitution order was excessive and remand for resentencing directing the court below to fashion a restitution order not in excess of Fifteen Thousand Dollars ($15,000.00).

2. Rehabilitation of the criminal is not the only purpose to be served by restitution; it also serves to compensate or aid in compensating the victim.

3. This was the unpaid balance in 1976. Monthly payments of $93.48 have been made regularly since that time.