**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Pamela LUPER (Hartzell), Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 1999.
Filed Jan. 18, 2000.

---

Theodore H. Watts, Meadville, for appellant.

Holly B. Brent, Asst. Dist. Atty., Meadville, for Commonwealth, appellee.

Before JOHNSON, MUSMANNO and HESTER, JJ.

HESTER, J.:

¶ 1 Pamela Luper (Hartzell) appeals the February 4, 1999 order requiring her to pay $124,812.18 in restitution. We are constrained to reverse.

¶ 2 On October 30, 1990, Appellant pled guilty to one count of theft by deception, a felony of the third degree. Appellant admitted to embezzling $124,812.18 from Rigby Ford, an automobile dealership and her former employer located in Crawford County, Pennsylvania. On August 23, 1991, the trial court ordered Appellant to pay costs of the prosecution, thirty dollars in costs pursuant to Act 1991, a fine of $1,000, and to serve a sentence of imprisonment for a minimum period of thirty days and a maximum period of twenty-four months less one day, to be followed by a consecutive period of probation of five years. Further, Appel-

lant was ordered to make restitution to Rigby Ford in the amount of $35,000.

¶ 3 Appellant's sentence was amended on August 28, 1991. The amended sentence contained the same provisions as the first sentence with two exceptions. Appellant was permitted to serve her jail time from August 23, 1991 until September 2, 1991, and thereafter to serve ten consecutive weekends commencing at 6:00 p.m. on Friday and terminating at 6:00 p.m. the following Sunday. Additionally, Appellant was ordered to make restitution to Rigby Ford in the amount of "$124,812.18 if you have the ability to do so, but no less than $35,000 which the Court now determines you have the ability to pay in such installments as the Adult Probation Department shall determine." N.T. Sentencing, 8/28/91, at 1.

¶ 4 In the memorandum and findings report filed by the trial court on August 29, 1991, the court stated it "reserves the right to make additional changes in the restitution on motion of the District Attorney, the Adult Probation Department, or the Defendant, all pursuant to 18 Pa.C.S.A. 1106(C)(3)."[1] *Id.* at 3. On March 24, 1995, by motion of the Adult Probation Department, a hearing regarding Appellant's restitution order was held. At the hearing's conclusion, the court expressed concern over Appellant's payment schedule, but no amendments or modifications were made.

¶ 5 As of August 22, 1998, Appellant completed her jail time and five-year term of probation. Over the preceding seven-year period, Appellant had paid over $35,000 in accordance with the trial court's August 28, 1991 order. On December 14, 1998, the Adult Probation Department filed a motion to hold Appellant in contempt for not paying $124,812.18 pursuant to the August 28, 1991 order. A hearing was held on the issue, and the trial court determined that Appellant must continue to make payments or be held in contempt

1. 18 Pa.C.S.A. § 1106—Restitution for injuries to person or property.

of court. This order forms the basis of this appeal.

¶ 6 The trial court cited 18 Pa.C.S.A. § 1106 as the source of its authority to require Appellant to continue making payments. 18 Pa.C.S.A. § 1106(c)(2)(ii) states: [2]

> In determining the amount and method of restitution, the court: [M]ay order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, *provided that the period of time during which the offender is ordered to make restitution shall not exceed the maximum term of imprisonment to which the offender could have been sentenced* for the crime of which he was convicted.

*Id.* (emphasis added).

¶ 7 The language of the 1991 sentencing orders clearly indicate the court's intent to require Appellant to pay Rigby Ford the maximum amount of restitution possible. At the time the order was signed, the court believed this maximum amount was $35,000 payable at $5,000 per year. The court expressly noted it reserved the right to modify this sentence. However, the ability of the trial court to modify this sentence ended when the maximum term of imprisonment to which Appellant could have been sentenced expired.

¶ 8 Appellant was convicted of theft by deception which is a third-degree felony, 18 Pa.C.S. § 3922. 18 Pa.C.S.A. § 1103, sentence of imprisonment for felony, states the maximum term of imprisonment for a felony of the third degree is seven years. More than seven years has elapsed since the trial court ordered Appellant to begin restitution payments. The trial court has no authority to hold Appellant in contempt following the maximum possible term of imprisonment. Likewise, the trial court has no authority to compel restitution payments continuing beyond the seven years.

¶ 9 Order reversed. Jurisdiction relinquished.

**2.** 18 Pa.C.S.A. § 1106 was revised in 1995. Section 1106(c)(3) is re-enacted verbatim in the revised § 1106(c)(ii).