## Commonwealth v. Darling

C.P. of Carbon County, no. 002 CR 02.

*David W. Addy,* for the Commonwealth.
*Brett J. Riegel,* for defendant.

NANOVIC, *J.,* September 11, 2002—Barbara C. Darling, the defendant in these criminal proceedings, appeals the amount of restitution and the designation of the victim's medical providers as the direct recipients of payments for restitution.[1]

_____

1. Challenges to the legality of a sentence are non-waivable and may be made on direct appeal without the necessity of first filing a motion to modify the sentence pursuant to Pa.R.Crim.P. 720. "A legality issue is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down." *Commonwealth v. Cannon,* 387 Pa. Super. 12, 29, 563 A.2d 918, 926-27 (1989), *alloc. denied sub nom, Commonwealth v. Reap,* 525 Pa. 597, 575 A.2d 564

On April 2, 2002, Darling pled guilty to one count of careless driving,[2] and one count of involuntary manslaughter[3] involving the death of Christopher Bernek. Bernek, then 25 years of age, was injured on October 6,

(1990). "By 'illegality of sentence' is meant that the sentence is, in and of itself defective . . . ." *Commonwealth v. Mathis,* 317 Pa. Super. 362, 372, 464 A.2d 362, 368 (1983). A challenge to the trial court's authority to impose restitution concerns the legality of the sentence. *In the interest of M.W.,* 555 Pa. 505, 725 A.2d 729, 731 (1999). In contrast, challenges questioning whether the restitution order is excessive, implicate the discretionary aspect of sentencing and must be preceded by a motion to modify the sentence in order to preserve the issue for appeal. See *Commonwealth v. Petaccio,* 764 A.2d 582, 586 (Pa. Super. 2000) (challenges to the discretionary aspects of a sentence are waived when the issue has not been properly preserved at the sentencing hearing or in a motion to reconsider and modify the sentence).

While Darling's challenge to medical providers being named the recipients of restitution challenges the legality of the sentence, such challenge alleging, in effect, that there is no statutory basis for a sentence of restitution to persons other than the victim, Darling's challenge to the amount of restitution determined by the court, and the sufficiency of the evidence to support this amount, appears to focus primarily on the discretionary aspects of sentencing for which no post-sentence motion was filed. Challenges to a defendant's ability to make restitutionary payments, and to the amount of restitution ordered as speculative, are challenges to the discretionary aspects of the sentence. *Commonwealth v. Mathis,* 317 Pa. Super. 372, 464 A.2d 362 (1983). Such a challenge must be distinguished from a challenge to restitution for a loss which the defendant claims he did not cause, the latter also being a challenge to the legality of the sentence. *Commonwealth v. Reed,* 374 Pa. Super. 510, 543 A.2d 587 (1988) (order of restitution requiring a defendant convicted of receiving stolen property to make restitution for the total losses sustained in burglaries from which he received only some of the property stolen, challenged the legality of the sentence). Here, the order of restitution was clearly for the expenses of medical and hospital treatment the victim received for personal injuries caused by Darling's conduct.

2. 75 Pa.C.S. §3714.
3. 18 Pa.C.S. §2504.

2001, when he fell from the open bed of a pickup truck being carelessly driven by Darling. Bernek was transported to St. Luke's Hospital and died the following day from injuries sustained in the fall.

Sentencing occurred on July 12, 2002. At that time the court had the benefit of a presentence investigation report prepared by the County Adult Probation Office. A victim's impact statement completed on behalf of the victim's estate was included in this report. This statement indicated that medical expenses obtained to date for treatment of the victim were in excess of $30,000 and not complete. Attached to the victim's impact statement was a bill from St. Luke's Hospital totaling $23,647.90, a bill from St. Luke's Trauma Care Associates totaling $4,994, and a bill from Penn Forest Ambulance totaling $899. All three invoices were billed to the victim. Also attached to the victim's impact statement was a bill in the amount of $6,220.36 from Donald N. Gower Funeral Home Inc. for the victim's funeral expenses. The presentence report indicated that $5,000 of this amount was paid from the victim's insurance company as first-party benefits.

The presentence report recommended that restitution be paid to the estate of Christopher Bernek in the amount of $1,220.36 (*i.e.,* the funeral expense of $6,220.36 less the $5,000 received in first-party benefits), to St. Luke's Hospital in the amount of $19,963.65, to St. Luke's Trauma Care Associates in the amount of $546 and to Code 3 Billing in the amount of $339.80.[4] At the time of

4. The total amounts ordered to be paid to St. Luke's Hospital and St. Luke's Trauma Care Associates are actually less than the amounts

sentencing, Darling did not question or dispute the amount of the victim's medical or funeral expenses for which restitution was ordered, but did question the propriety of ordering restitution to persons other than the direct victim. This court's order of sentence dated July 12, 2002 accepted the recommendations of restitution contained in the presentence report.

In Darling's statement of matters complained of on appeal pursuant to Pa.R.Crim.P. 1925(b), Darling claims that copies of medical bills attached to a presentence investigation report do not constitute sufficient evidence of record to determine the amount of restitution, that direct payment to medical providers for medical and hospital services provided to a victim is not authorized by section 1106 of the Pennsylvania Crimes Code and that, if the restitution award is deemed proper, the order of sentence failed to direct the priority of payment of restitution in accordance with section 1106(c)(ii) of the Crimes Code. To better understand the issues and the court's resolution of these issues, a brief review of the law of restitution is helpful.

---

contained in the invoices, as is the amount to Code 3 Billing. Code 3 Billing is the billing agent for Penn Forest Ambulance as indicated by the billing address of Penn Forest Ambulance contained in the invoices and the address for Code 3 Billing appearing on the first page of the presentence investigation report. The actual amounts for which restitution was ordered by the court were based on the investigation and recommendations of the Adult Probation Office as to the expenses for which the victim had not been compensated. Since these amounts were not disputed by Darling, this reliance by the court did not violate the Superior Court's holding in *Commonwealth v. Kioske,* 337 Pa. Super. 593, 487 A.2d 420 (1985) (trial court may not delegate to the county probation office the final determination as to any disputed amounts to be paid by defendant as restitution).

The statutory authority for restitution in sentencing appears in both the Crimes Code, 18 Pa.C.S. §1106(a)(b), and the Sentencing Code. 42 Pa.C.S. §§9721(c), 9754.[5] The Crimes Code requires that mandatory restitution be ordered by the trial court at the time of sentencing "so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S. §1106(c)(1)(i). The term "victim" includes a victim who has "suffered personal injury directly resulting from the crime" as well as the "Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract." 18 Pa.C.S. §1106(a) (h); 18 P.S. §11.103. Restitution is to be ordered "regardless of the current financial resources of the defendant." 18 Pa.C.S. §1106(c)(1)(i). Only upon default is defendant's ability to pay to be considered. *Commonwealth v. Colon,* 708 A.2d 1279, 1284 (Pa. Super. 1998); 42 Pa.C.S. §9730.[6] But cf. *In Interest of*

---

5. See *Commonwealth v. Colon,* 708 A.2d 1279 (Pa. Super. 1998) (discussing certain distinctions of language between restitution as worded under the Crimes Code and restitution under the Sentencing Code).

"The proper term for the reimbursement for personal injuries is reparation, however, that term has been grouped together for purposes of sentencing with the word restitution." *Commonwealth v. Mathis,* 317 Pa. Super. at 371 n.3, 464 A.2d at 368 n.3 (1983). "Restitution ordinarily refers to compensation for the wrongful taking of property, reparation, to compensation paid for injury or damage." *Commonwealth v. Fuqua,* 267 Pa. Super. 504, 507 n.5, 407 A.2d 24, 25 n.5 (1979).

6. In reviewing a defendant's ability to pay and whether a restitution order is excessive, a defendant may be required to make sacrifices. In *Commonwealth v. Yanoff,* 456 Pa. Super. 222, 235, 690 A.2d 260, 266-67 (1997), *appeal denied,* 548 Pa. 678, 699 A.2d 735 (1997), the Superior Court stated:

*Dublinski,* 695 A.2d 827, 830 (Pa. Super. 1997) (restitution in juvenile court is governed by 42 Pa.C.S. §6352— in juvenile court, a juvenile's earning capacity must be considered when ordering restitution).

Restitution may be imposed either as a direct sentence or as condition of probation or parole. 42 Pa.C.S. §9721(c). See also, 18 Pa.C.S. §1106(a) (direct sentence); 18 Pa.C.S. §1106(b) and 42 Pa.C.S. §9754(c)(8) (condition of probation). Whether imposed as a direct sentence or as a condition of probation, an order of restitution is a sentence. *Commonwealth v. Dinoia,* 801 A.2d 1254, 1257 n.1 (Pa. Super. 2002). "When imposed as a [direct] sentence, the injury to property or person for which restitution is ordered must directly result from the crime." *In the Interest of M.W.,* 555 Pa. 505, 511, 725 A.2d 729, 732 (1999). The sentencing court must apply a "but for" test imposing restitution. "[D]amages which occur as a direct result of the crime[s] are those which [would] not

---

"We have held that '[w]hile the payment of restitution may be a hardship for [an] appellant, the fact that a defendant may have to make substantial sacrifices is not an obstacle to a restitution order.' *Commonwealth v. Boyles,* 407 Pa. Super. 343, 361, 595 A.2d 1180, 1189 (1991), *alloc. denied,* 531 Pa. 651, 613 A.2d 556 (1992). (citations omitted) In addition, 'an order of restitution need not be in an amount which can be paid from a defendant's current earnings.' *Id.* (citing *Commonwealth v. Madron,* 339 Pa. Super. 105, 488 A.2d 331 (1985)). Furthermore, 'an order of restitution may properly require additional or alternative employment, a reduction of expenses, and even a temporary change in lifestyle in order to achieve that sense of responsibility which signals effective rehabilitation.' *Commonwealth v. Wood,* 300 Pa. Super. 463, 468, 446 A.2d 948, 950 (1982). We have reasoned that such an order of restitution will cause the defendant 'to consider more carefully the consequences of his or her acts and thereby strengthen the offender's sense of responsibility.' *Id.*"

have occurred but for the defendant's criminal conduct." *Commonwealth v. Gerulis,* 420 Pa. Super. 266, 288, 616 A.2d 686, 697 (1992), *alloc. denied,* 535 Pa. 645, 633 A.2d 150 (1993); cf. *Commonwealth v. Cooper,* 319 Pa. Super. 351, 466 A.2d 195 (1983) (restitution determined improper where a motorist who struck and killed a young boy riding a bicycle pled guilty only to the offense of leaving the scene of an accident and not to any crime holding him criminally responsible for having struck and killed the victim). However, "when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. . . . As this court stated in *Harner,* [*Commonwealth v. Harner,* 533 Pa. 14, 22, 617 A.2d 702, 707 (1992)]:

"Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way. . . .

"Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation." *In the Interest of M.W.,* 555 Pa. at 511-12, 725 A.2d at 732 (1999). (citations omitted)

Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive. *Commonwealth v. Wright,* 722 A.2d

157, 159 (Pa. Super. 1998). Restitution reimburses or compensates a victim for fixed and definite losses; a sentence of restitution is not an award of damages. *Id.* at 160; see 18 Pa.C.S. §1106(h) (definition of the term "restitution"). For this reason, while restitution may be imposed for the expense of psychological treatment and counseling of victims who have sustained actual emotional or mental disturbances from a defendant's conduct, restitution may not be awarded for general damages such as pain and suffering. *Commonwealth v. Balisteri,* 329 Pa. Super. 148, 156 n.8, 478 A.2d 5, 9 n.8 (1984); *Commonwealth v. Cannon,* 387 Pa. Super. 12, 29-30, 563 A.2d 918, 927 (1989), *alloc. denied sub nom, Commonwealth v. Reap,* 525 Pa. 597, 575 A.2d 564 (1990).

Nor is the primary object of restitution retribution or deterrence, the hallmarks of criminal punishment. The intent and effect of restitution is primarily "rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsib[ility] to repair the loss or injury as far as possible" and secondarily to compensate the victim of the crime for his loss. *Commonwealth v. Kline,* 695 A.2d 872, 876 (Pa. Super. 1997), *appeal denied,* 552 Pa. 693, 716 A.2d 1248 (1998). Only incidentally does retribution have a deterrent or penal effect. *Id.* at 877. Because the traditional goals of restitution are completely remedial and non-punitive, restitution is not punishment within the meaning of the ex post facto clause of the United States Constitution and may be imposed for offenses and conduct which predate the statutory authorization for restitution. *Id.*

With these principles in mind, Darling's issues can now be addressed.

### A. *The Record Supports the Amount of Restitution Ordered*

In *Commonwealth v. Wright,* 722 A.2d 157 (Pa. Super. 1998), for purposes of grading the offenses of criminal mischief and agricultural vandalism, the jury determined that the loss sustained was greater than $1,000 but less than $5,000. This finding by the jury notwithstanding, the trial court's order directing the payment of restitution in the amount of $20,745.82 was held to be supported by the record before the sentencing court.

In *Wright,* the defendant was convicted of criminal mischief and agricultural vandalism for damage to two farming combines. At the time of sentencing, the court was presented with estimates and repair bills totaling $20,745.82. Although the one combine was repaired as of the time of trial, the other had not yet been repaired when trial occurred. Under these circumstances, the amount of restitution ordered by the court was held to be supported by the record at the time of sentencing. See also, *Commonwealth v. Yanoff,* 456 Pa. Super. 222, 234, 690 A.2d 260, 266 (1997), *appeal denied,* 548 Pa. 678, 699 A.2d 735 (1997) (itemization of funeral expenses in presentence report sufficient to support restitution for these expenses).

In the present case, Darling pled guilty to the charges of careless driving and involuntary manslaughter. Consequently, there was no trial testimony. However, the presentence investigation report prepared pursuant to

Pa.R.Crim.P. 702 was made part of the record at sentencing.[7] This report contained copies of the billing invoices for the medical, hospital, and emergency services actually provided to the victim for injuries directly attributable to Darling's conduct for which she pled criminally responsible. Neither the reasonableness nor necessity of the amounts contained in these billings were challenged or disputed by Darling at the time of sentencing.

The record supports the order for restitution and the amount ordered was neither speculative nor excessive.

### B. *The Crimes Code Requires That Payment of Restitution Be Made Directly to the Victim's Estate Rather Than to the Medical Providers*

Both the Crimes Code and Sentencing Code require that restitution be ordered so as to compensate the victim for his loss. 18 Pa.C.S. §1106; 42 Pa.C.S. §9721(c). Though a medical provider is admittedly not a victim as defined in the Crimes Code, 18 Pa.C.S. §1106(h) and 18 P.S. §11.103, it might reasonably be argued that the direct payment to creditors for debts incurred by the victim for medical treatment necessitated by defendant's criminal conduct will directly benefit the victim, dollar for dollar, and, consequently, in a broad, but very real sense, serve to compensate the victim. Such payments in

---

7. See *Commonwealth v. Masip,* 389 Pa. Super. 365, 374, 567 A.2d 331, 336 (1989). (citations omitted) ("A presentence report constitutes part of the record and speaks for itself. . . . It is presumed to be valid and need not be supported by evidence unless and until it is challenged by the defendant.")

satisfaction of the victim's legal obligations might be contrasted to those cases in which the victim was not legally obligated to make payment for treatment or benefits he received and for which direct payments of restitution to the provider would not confer a further benefit or compensation to the victim. Cf. *Commonwealth v. Runion,* 541 Pa. 202, 662 A.2d 617 (1995) (victim's medical expenses paid by public assistance for which victim as recipient of entitlement benefits was under no obligation to repay the Department of Public Welfare).

Such distinction notwithstanding, section 1106(e) of the Crimes Code, 18 Pa.C.S. §1106(e), provides that payments for restitution must not only be collected by the probation department, but that such payments are to be forwarded to the victim. Underlying this procedure is the apparent policy that restitution is not meant to be a reimbursement system to third parties but a compensation system to "victims" as that term is defined in the definitional section of the statute. *Commonwealth v. Figueroa,* 456 Pa. Super. 620, 627, 691 A.2d 487, 491 (1997). Therefore, unless the medical provider is itself a victim, such status requiring that the provider's loss be caused directly by a defendant's criminal conduct rather than a loss merely consequential to such conduct, direct payments of restitution to the provider should not be ordered by the court. *Commonwealth v. Layhue,* 455 Pa. Super. 89, 93, 687 A.2d 382, 383 (1996) (en banc); *Commonwealth v. Balisteri,* 329 Pa. Super. 148, 158, 478 A.2d 5, 10 (1984) (payment of restitution limited to the direct victim and not to third parties who shoulder the financial burden of the victim's losses).

Consequently, while we agree with Darling's claim that medical providers are not the proper recipients of payments of restitution, acceptance of this position does not eliminate Darling's obligation to pay restitution. Section 1106(c)(3) of the Crimes Code, 18 Pa.C.S. §1106(c)(3), with proper notice to and an opportunity to be heard by the defendant, provides authority to amend or modify an order of restitution "at any time." *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 (Pa. Super. 2002). Whereas previously this authority to amend or modify a sentence of restitution could not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted, *Commonwealth v. Luper*, 745 A.2d 1248 (Pa. Super. 2000), that limitation was deleted in the 1998 revisions to section 1106 and "[t]he court may, at any time . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order." 18 Pa.C.S. §1106(c)(3). This authority, we believe, extends not only to adjust the amount of restitution, when justified, but also to correct errors in naming the recipients of restitution.[8]

---

8. This case is not controlled by *Commonwealth v. Dinoia*, 801 A.2d 1254 (Pa. Super. 2002). In *Dinoia*, the amount of restitution was left open at the time of sentencing and there was therefore no true order of restitution to modify or correct. Under these circumstances, the Superior Court held that the trial court was thereafter without jurisdiction to consider the Commonwealth's restitution request. In contrast, at the time of Darling's sentencing, a specific amount of restitution was set and provided Darling with certainty as to her sentence.

In accordance with the foregoing, it is respectfully requested that this matter be remanded to this court for resentencing as to restitution. See orders of remand in *Commonwealth v. Walker,* 446 Pa. Super. 43, 63, 666 A.2d 301, 311 (1995); *Commonwealth v. Mathis,* 317 Pa. Super. 362, 374, 464 A.2d 362, 369 (1983).[9] Such disposition and the direct payment of restitution to the victim's estate renders moot the third issue raised by Darling on appeal.

---

If restitution remains unpaid, in addition to contempt proceedings mandated by 18 Pa.C.S. §1106(f), the amount of restitution when greater than $1,000 is required to be entered as a judgment in the prothonotary's office and is to be collected by the county probation office in any manner provided by law and may, under certain conditions, be turned over to a private collection agency for collection. 42 Pa.C.S. §§9728, 9730, 9730.1.

9. At that time, if not considered waived and, if in dispute, the court will inquire further and determine for itself the full extent of the victim's losses, including any information not available at the time of original sentencing, and the amounts the victim was compensated by either the victim's or Darling's insurance carrier and whether restitution is owed to any insurance carrier as a defined victim. *Commonwealth v. Walker,* 446 Pa. Super. 43, 62, 666 A.2d 301, 310-11 (1995), *appeal denied,* 545 Pa. 652, 680 A.2d 1161 (1996); 18 Pa.C.S. §1106(c).

Modification to account for changes in circumstances is particularly appropriate in a case such as this where all of the victim's losses and expenses were not available to the court at the time of sentencing, where civil litigation for personal injuries has neither been commenced nor concluded by the time of sentencing, but is anticipated, and where the defendant has liability coverage for which the insurance carrier may be contractually obligated to pay losses on behalf of the defendant which the defendant would otherwise be responsible for paying to the victim. Modification in this manner is consistent with proper rehabilitation of the defendant and fair compensation to the victim and is non-violative of the ex post facto clause.