J-S08034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON LEE SPAULDING | : | |
| | : | No. 1129 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered June 29, 2017
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001848-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON SPAULDING | : | |
| | : | No. 1300 WDA 2017 |
| Appellant | | |

Appeal from the Order August 10, 2017
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000834-2011

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 08, 2018**

Appellant, Brandon Lee Spaulding, files these consolidated appeals from

the judgment of sentence entered at Mercer County Court of Common Pleas'

docketed case #1848-2016 and from the order dismissing his second petition

filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546,

at Mercer County Court of Common Pleas' docketed case #834-2011,

_____

*   Former Justice specially assigned to the Superior Court.

respectively.[1]  We affirm the order entered in case #834-2011.  We also affirm judgment of sentence in case #1848-2016 except for that portion of the sentence requiring Appellant to comply with the Sexual Offender Registration and Notification Act's ("SORNA") registration requirements, as we have *sua sponte* determined this aspect of his sentence runs afoul of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (OAJC) and its binding precedent[2] that application of SORNA registration requirements to an offender who committed his crimes prior to the effective date of SORNA violates the *ex post facto* clause.[3]

_____

[1] As indicated *infra*, the claims raised in Appellant's direct appeal and his second PCRA petition emanate from two distinct cases prosecuted five years apart in which Appellant entered guilty pleas involving different crimes committed against different children at different times and locations.

[2] In **Muniz**, five of six justices shared in the conclusion that SORNA's registration requirement is punishment that runs afoul of the *ex post facto* clause of the Pennsylvania Constitution when applied retroactively.  **See Commonwealth v. Hart**, 174 A.3d 660, 667 n.9 (Pa. Super. 2017) (observing "the binding precedent emerging from **Muniz** is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the *ex post facto* clause of the Pennsylvania Constitution when applied retroactively.").

[3] This Court may review issues regarding the legality of sentence *sua sponte*. **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa. Super. 2001).  The applicability of **Muniz** to Appellant's case is apparent in docketed case #1848-2016, as Appellant committed his offenses prior to the December 20, 2012, effective date of the Sexual Offender Registration and Notificaton Act ("SORNA") but was sentenced under SORNA's registration requirements on June 29, 2017.  The record shows Appellant was not designated a Sexually Violent Predator but was designated a Tier III offender pursuant to 42

With respect to Appellant's PCRA challenge in case #834-2011, Appellant pleaded guilty to one count of indecent assault, 18 Pa.C.S.A. § 3126(a)(7), committed in August of 2010, and on November 2, 2012, Judge Robert G. Yeatts sentenced Appellant to 30 to 94 months of incarceration. In a memorandum decision filed on August 2, 2013, this Court denied Appellant permission to appeal the discretionary aspects of sentencing. *See Commonwealth v. Spaulding*, 83 A.3d 1056 (Pa. Super. 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal from that determination.

---

Pa.C.S.A. § 9799.14 (setting forth tier system). Tier III offenders are required to register with the Pennsylvania State Police for life.

In docketed case #834-2011, Appellant received his sentence one month before SORNA's effective date, and there is nothing in the record to suggest SORNA registration requirements were ever imposed at some time thereafter. Regardless, because Appellant's PCRA petition is untimely, *see infra*, he was required to demonstrate that *Muniz* applies retroactively in order to satisfy the exception to the PCRA one-year time bar at section 9545(b)(1)(iii). *See Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002). Our Supreme Court has not issued such a holding at this time, and, in any event, Appellant has asserted no such exception to the time bar. *See infra*. Therefore, we cannot *sua sponte* consider a legality of sentence claim in docketed case #834-2011, as we lack jurisdiction to do so based upon the untimeliness of the petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Accordingly, we vacate that portion of the sentence at docketed case #1848-2016 requiring Appellant to comply with SORNA and remand to the trial court for consideration of registration requirements in keeping with the *Muniz* decision.

Appellant subsequently filed his first PCRA petition on January 11, 2016, and the PCRA court appointed counsel. On March 1, 2016, the PCRA court dismissed as untimely the petition pursuant to Pa.R.Crim.P. 907. This Court dismissed the appeal on jurisdictional grounds, as well, as Appellant had filed a patently untimely PCRA petition for which no timeliness exceptions applied. *Commonwealth v. Spaulding*, No. 622 WDA 2016, unpublished memorandum at **2-4 (Pa. Super. filed April 18, 2017). Appellant did not appeal from this decision.

While Appellant's first PCRA appeal was pending with this Court, he filed a second PCRA petition on September 12, 2016. The PCRA court stayed the second petition until Appellant exhausted his appellate rights with respect to his first petition. On July 12, 2017, after Appellant's first PCRA appeal became final, appointed counsel filed a motion to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), along with a *Turner*/*Finley* no merit letter. On July 18, 2017, the PCRA court filed an order and opinion granting PCRA counsel's motion to withdraw and notifying Appellant of its intent to dismiss his second PCRA petition without a hearing in 20 days pursuant to Pa.R.Crim.P. 907. On August 10, 2017, after Appellant filed no response to the PCRA court's Rule 907 notice, this Court entered an order dismissing Appellant's second PCRA petition as untimely filed.

On August 29, 2017, Appellant timely filed the present appeal from the dismissal of his second PCRA petition. Appearing in both his court-ordered

Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal and his briefed statement of questions presented, he raises the following issue for our review:

> Did the PCRA court err as a matter of law or abuse its discretion when it determined that counsel for Appellant was not ineffective for failing to bring forward to the trial court a plea agreement including a minimum sentence far below the trial court's imposed sentence?

Appellant's brief at 6.

> We have previously determined:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented.

*Commonwealth v. Walters*, 135 A.3d 589, 591–592 (Pa. Super. 2016) (internal citations and quotations omitted).

As explained above, this Court affirmed judgment of sentence entered in case #834-2011 on August 2, 2013. Because Appellant did not appeal that determination, his judgment of sentence became final 30 days later when the time for taking an appeal with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (A judgment is deemed final "at the conclusion of direct review,

- 5 -

including discretionary review in the Supreme court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."); Pa.R.A.P. 1113(a). Accordingly, Appellant's judgment of sentence became final on Tuesday, September 3, 2013. ***See*** 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any statutory period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

Therefore, Appellant's second PCRA petition filed on September 12, 2016, was patently untimely. Moreover, Appellant does not allege that any of the abovementioned exceptions are applicable. Instead, he raises an ineffective assistance of counsel claim. It is well-settled, however, that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. ***Commonwealth v. Ward-Green***, 141 a.3d 527, 535 (Pa. Super. 2016). Accordingly, the PCRA court lacked jurisdiction to review Appellant's claim in case #834-2011, and we affirm on that basis.[4]

_____

[4] Even if Appellant's claim were reviewable, it is without arguable merit. Appellant contends that his upward departure sentence of 30 to 84 months' incarceration at case #834-2011 was a product of counsel's ineffective failure to apprise the court of an alleged previous agreement between the parties whereby Appellant was to receive a minimum term of 12 months' incarceration, plus or minus six months. ***See*** Appellant's brief at 17. The claim of a breached plea agreement is at odds with the record.

At Appellant's guilty plea colloquy of October 15, 2012, the court advised Appellant that he faced a maximum sentence of seven years in prison. N.T. 10/15/12, at 5. Appellant answered that he understood his sentencing exposure. N.T. at 5. Later in the colloquy, after Appellant admitted to the

With respect to the present appeal from the judgment of sentence in docketed case #1848-2016, Appellant pleaded no contest to aggravated indecent assault of a child on March 8, 2017, for conduct occurring in early 2012. Notes of testimony show that Appellant confirmed he had received no promises from either his counsel or anyone else to induce his plea and expressed satisfaction with counsel's services. N.T. 3/8/17, at 7. Counsel then informed the court, in Appellant's presence, that Appellant and the Commonwealth agreed to a *minimum* sentence of seven and a half years' incarceration. N.T. at 8. In exchange for Appellant's plea of no contest, the Commonwealth agreed to *nol-pros* the remaining charges set forth in the information. N.T. at 11.

At Appellant's sentencing hearing held on June 29, 2017, different counsel from the Public Defender's Office represented Appellant, but he

---

facts underlying the charge of indecent assault and agreed that counsel explained the guilty plea process to him, he confirmed that no one had promised anything, except what was discussed in open court, to induce him to plead. N.T., at 12. At the completion of the colloquy, the court indicated it was satisfied that Appellant made an understanding and voluntary plea, and the court, therefore, accepted the plea. N.T., at 12-13.

At the outset of the sentencing hearing of November 2, 2012, the court addressed Appellant directly and informed him he possessed "an absolute right to tell me anything you want, so at this time I'll hear anything you or your attorney wishes to tell me." N.T., 11/2/12, at 8. When asked by counsel if he had anything to say, Appellant replied "no." N.T. at 8. Accordingly, there is simply nothing of record to suggest that ineffective assistance of counsel induced Appellant to plead guilty or to refrain from withdrawing his plea prior to receiving sentence.

reminded the court prior to the announcement of sentence that the parties had agreed to a minimum sentence of seven and one-half years. N.T., 6/29/17, at 12. The Court accepted that agreement as having been part of the guilty plea. *Id*. After considering the victim impact testimony of the victim's grandfather, the court imposed a seven and one-half-year to 15-year sentence and ran it consecutive to any other sentence he was serving, thus imposing the minimum sentence to which Appellant agreed.

Nineteen days later, on July 18, 2017, Appellant filed a counseled "Motion to Modify Sentence *Nunc Pro Tunc*," in which he alleged the sentence in question was manifestly excessive in length. Notably, Appellant did not request leave to file a post-sentence motion *nunc pro tunc*, and the court did not grant *nunc pro tunc* relief in its order of July 18, 2017, summarily denying Appellant's motion.

On July 20, 2017, Appellant filed a *pro se* "Motion for Sentence Modification" in which he declared he was acting *pro se* and *in forma pauperis*. In his *pro se* motion, he complained he was wrongfully denied the benefit of his plea agreement that he receive a seven and one-half year sentence to run concurrently to any sentence he was then serving.[5] On that same day, Appellant filed additional motions indicating he was acting *pro se* in preparing his direct appeal. On July 26, Appellant filed *pro se* his Notice of Appeal to this Court.

_____

[5] The court subsequently modified Appellant's seven and one-half to 15-year sentence to run concurrently with any current sentence.

On August 31, 2017, this Court entered an order directing the trial court to make a determination as to the status of Appellant's counsel. In response, on September 12, 2017, the trial court conducted a hearing and appointed present counsel, Edwin J. Thorn, to represent Appellant.

However, in the interim between this Court's August 31, 2017, directive and the trial court's September 12, 2017, appointment of new counsel, the trial court filed an order dated September 6, 2017, directing Appellant to file a Pa.R.A.P. 1925(b) concise statement within 21 days of the order. The record indicates a copy of the order was delivered only to Appellant at his prison address.

On September 18, 2017, after new counsel had been appointed to Appellant, Appellant filed, *pro se*, his Pa.R.A.P. 1925(b) statement. The record indicates copies were delivered only to the District Attorney's Office and to the trial judge; no copy was forwarded to new counsel. On October 2, 2017, the trial court, despite knowing it had just appointed counsel to represent Appellant on his direct appeal, inexplicably issued a responsive Rule 1925(a) Opinion addressing the issues raised in the *pro se* Rule 1925(b) statement. Both the order itself and the docket sheet provide no information as to delivery.

Under our jurisprudence, Appellant's *pro se* Pa.R.A.P. 1925 statement represented an impermissible attempt at hybrid representation and is, thus, a legal nullity, as he was represented by counsel at the time of its filing. **See** Pa.R.Crim.P. 120; **Commonwealth v. Keys**, 580 A.2d 386, 387 (Pa. Super.

1990). **See also Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (holding where appellant was represented by counsel on appeal, his *pro se* Rule 1925(b) statement was a "legal nullity").

The record provides no indication, however, that the trial court ever served new counsel with, or notified him of, its existing Rule 1925(b) order. We, therefore, refuse to declare present counsel *per se* ineffective for having failed to file a counseled Pa.R.A.P. 1925(b) statement, as the trial court did not satisfy all procedural steps necessary to invoke Rule 1925(b) waiver. **See Commonwealth v. Hooks**, 921 A.2d 1199, 1202 (Pa. Super. 2007) (Rule 1925(b) waiver dependent upon four conditions, one of which requires supplying each party's attorney with written notice of the Rule 1925(b) order). Additionally, we consider the court's failure to forward Appellant's *pro se* notice of appeal to counsel and to direct counsel to file a counseled Rule 1925(b) statement in its stead as representing a breakdown in the court's operation. **See Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) ("[An appellant] should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court.").

Because these administrative missteps permit neither the imposition of Rule 1925(b) waiver nor a consequential finding of *per se* ineffective assistance of present counsel, this case does not fall under decisional law mandating remand for the preparation of a counseled Rule 1925(b) statement and a corresponding Rule 1925(a) opinion by the trial court. Instead, we may examine the record before us to determine whether counsel has advanced

Appellant's appeal sufficiently to serve the interests of justice and allow for meaningful appellate review or if, in the alternative, remand for preparation of a counseled Rule 1925(b) statement is necessary.

A review of Appellant's counseled brief shows counsel has developed the issues Appellant wished to press with this Court. As such, there appears to be no strategic disagreement between Appellant and counsel, despite Appellant's initial attempt at hybrid representation. Moreover, the trial court's Pa.R.A.P. 1925(a) opinion addresses these issues, which further enables our meaningful review.

Counsel has also briefed an issue Appellant failed to raise in his *pro se* Pa.R.A.P. 1925(b) statement. Specifically, the counseled brief assails Appellant's seven and one-half to fifteen year sentence as both manifestly excessive and violative of the parties' agreement, accepted by the court, that Appellant was to receive a seven and one-half year sentence. Therefore, given counsel's receptiveness to Appellant's desired slate of issues to be raised on appeal, and considering the initiative counsel took in supplementing the appellate brief with an additional issue, we are satisfied that counsel undertook adequate review of the present matter in preparation of Appellant's brief such that there is no need for remand for preparation of a counseled Rule 1925(b) statement.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence

imposed." ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. Super. 2012).[6] In Appellant's first question presented, he claims to raise a substantial question that his minimum sentence of seven and one-half years' incarceration was excessive and unreasonable, as it was based on a prior record score stemming from convictions then under appeal. Appellant's Brief at 13. Such a claim challenges the discretionary aspects of his sentence. ***See Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra,*** 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans,*** 901 A.2d 528, 533 (Pa. Super. 2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a timely motion to modify the

---

[6] A *nolo contendere* or no contest plea is treated the same as a guilty plea "in terms of its effect upon a case." ***Commonwealth v. Kepner***, 34 A.3d 162, 166 n.6 (Pa. Super. 2011).

sentence imposed at that hearing. ***Commonwealth v. Sheller***, 961 A.2d 187, 189 (Pa. Super. 2008) ("To properly preserve the discretionary aspects of sentencing for appellate review, the issue must be raised during sentencing or in a **timely** post-sentence motion." (emphasis added)); ***see also Commonwealth v. Smith***, 563 A.2d 905, 906 (Pa.Super. 1989) ("When [a post-sentence] motion is not timely filed, the issues presented in the untimely motion are deemed waived."). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." ***Commonwealth v. McAfee***, 849 A.2d 270, 275, (Pa. Super. 2004).

As noted above, Appellant filed a post-sentence motion, *nunc pro tunc*, incorporating a discretionary aspects challenge nineteen days after imposition of sentence in open court. However, the trial court did not accept the belated motion, dismissing it summarily. Nor did Appellant challenge the court's exercise of sentencing discretion during the sentencing hearing. Therefore, Appellant has failed to preserve for appellate review his discretionary of aspects claim.[7]

The second aspect to Appellant's challenge to his sentence declares the court denied him the benefit of his bargain associated with pleading no contest when it imposed a maximum sentence of 15 years' imprisonment. According

---

[7] Even if Appellant had preserved this challenge to the minimum sentence with a timely filed post-sentence motion and a proper Pa.R.A.P. 2119(f) statement, we would deem the claim unreviewable, as Appellant received a negotiated minimum sentence. ***See Commonwealth v. O'Malley***, 95 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence.").

to Appellant, the court thereby violated the parties' plea agreement, which, he says, called for a seven and one-half year sentence.

This claim would be preserved despite Appellant's untimely post-sentence motion if the claim implicated the legality of Appellant's sentence, as claims pertaining to the legality of sentence, as long as this Court has jurisdiction over the matter, are non-waivable. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). It is well-settled, however that a defendant's claim that he was sentenced in violation of his plea agreement does not implicate the legality of the sentence, where the defendant fails to identify any statutory reason or double jeopardy basis for declaring the sentence illegal. **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*). As such, Appellant's claim goes to the discretionary aspects of his sentence, which we have already held Appellant may not challenge in the present appeal because he failed to file a timely post-sentence motion.[8]

Even if we were to engage in merits review, the record belies Appellant's claim that his plea agreement contemplated a prison sentence of no more than seven and one-half years on the present offense. Specifically, the record of Appellant's plea colloquy shows the Commonwealth and his counsel both

---

[8] Had Appellant preserved the claim with a timely post-sentence motion and otherwise satisfied the remaining prerequisites to gaining discretionary aspects review, we would note that, unlike Appellant's challenge to the negotiated minimum sentence he received, his challenge to the imposition of the maximum sentence would not be unreviewable because there was no agreement as to his maximum sentence. **See Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa.Super. 2009).

informed the court, in Appellant's presence, that the parties agreed to a *minimum* sentence of seven and one-half years' incarceration in exchange for Appellant's plea of no contest. N.T. at 8. As part of this deal, the Commonwealth agreed to *nol-pros* the remaining charges set forth in the information. N.T. at 11. Importantly, there was no negotiated deal as to the maximum sentence Appellant would receive. Ultimately, the court imposed a seven and one-half year to 15-year sentence and ran it concurrently to any other sentence he was serving, thus imposing the minimum sentence to which Appellant and the Commonwealth agreed. Accordingly, Appellant's claim to the contrary has no merit.

The remainder of Appellant's questions presented relative to docketed case #1848-2016 assert the ineffective assistance of plea counsel. Pursuant to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), defendants should not raise claims of ineffective assistance of counsel on direct appeal, but should defer them for collateral review. In accordance with this rule, we dismiss Appellant's claims regarding ineffective assistance of counsel without prejudice to his right to raise them in PCRA petition. **See also Commonwealth v. Holmes**, 79 A.3d 562, 583 (Pa. 2013) (claims of ineffective assistance of trial counsel in Pennsylvania generally are deferred to PCRA review and generally are not available on direct appeal).

Accordingly, in the appeal at 1300 WDA 2017, the order entered in Mercer County Court of Common Pleas' docketed case #834-2011 dismissing Appellant's second PCRA petition is affirmed.

In the appeal at 1129 WDA 2017, we vacate that portion of Appellant's judgment of sentence entered in Mercer County Court of Common Pleas' docketed case #1848-2016 requiring him to comply with SORNA. The remainder of his judgment of sentence is affirmed. Case remanded for further proceedings as discussed in footnote 3, *supra*. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018